UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEVELAND HAMMOND,

     Plaintiff,

v.                         Case No.:  2:25-cv-79-SPC-KCD

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,
STATE OF FLORIDA, SHEVAUN
HARRIS, ASHLEY MOODY, RON
DESANTIS, HONORABLE JUDGE
FRANK PORTER, AARON STITT,
GRAINNE O'SULLIVAN, and
JULIET T. HODGKINS,

     Defendants.
_____/

## **<u>ORDER</u>**

Pro se Plaintiff Cleveland Hammond claims to be a "sovereign citizen."[1] Earlier this month, the Court denied without prejudice his construed Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 6). Since his motion was denied, Plaintiff has filed several random supplements, addenda, and notices. (Docs. 7–9). Now before the Court is Plaintiff's Official Declaration of Sovereign Authority, Objection to Judicial Denial, and Demand for Immediate Compliance With Sovereign Law. (Doc. 10). The Court

---

[1] He states that he "mistakenly represented" himself as pro se. (Doc. 10 at 2). However, no attorney has filed a notice of appearance on his behalf.

construes his motion as a motion for reconsideration of its Order denying a TRO and preliminary injunction.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Plaintiff argues the undersigned failed to "acknowledge the urgent national security implications" of his claim. (Doc. 10 at 2). In his view, this was "an act of judicial negligence and complicity in the suppression of truth." (*Id.*) He argues that "refusal to acknowledge [his] sovereign authority and claim is an act of treason and will result in the immediate removal of any official who refuses compliance." (*Id.* at 3). His construed motion continues in much the same manner for four pages.

Plaintiff has failed to establish any circumstances—much less extraordinary ones—supporting reconsideration. The Court declines to reconsider its prior order.

Accordingly, it is now

**ORDERED:**

Plaintiff's construed motion for reconsideration (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record